Yeck v. Crum.

---

## Louis Yeck
### v.
## George W. Crum.

Mistake.—Land was conveyed by a wrong description, and the purchaser obtained a loan from a third party, secured by a mortgage following the same incorrect description. *Held*, under the circumstances of this case that the mortgagee did not occupy the position of an innocent purchaser for value, as against the original vendor, and the mortgage was declared a cloud upon the land actually described therein (also belonging to the original vendor), and ordered released by the decree of the court.

Appeal from the Circuit Court of Cass county; the Hon. Cyrus Epler, Judge, presiding. Opinion filed August 20, 1885.

Messrs. Pollard & Phillips, for appellant.

Messrs. Ketcham & Gridley, for appellee.

PLEASANTS, J. This was a bill against appellant and George A. Crum to remove a cloud from appellee's title. The case made by it is in substance as follows: Complainant's farm of two hundred acres included the N. E. ¼ of the S. E. ¼ of sections 26 and 35, respectively, in T. 17, N., R. 11, west of the 3d P. M. His buildings were all on the forty, in section thirty-five, which was worth, with the improvements, $100 per acre — being double the value of the other. On May 6, 1881, he sold the latter to his cousin, the defendant, George A. Crum, who owned land adjoining it, for $2,000; but in the description in his deed, intending to convey it, the section was designated by mistake of the scrivener as thirty-five, instead of twenty-six. Under this deed said defendant held actual possession of the north forty for several years, and until he conveyed it as hereinafter stated. He never claimed any interest in the south forty, which complainant then and ever since occupied, and still occupies with his family, as his homestead. In the meantime, however, on May 9, 1881, he made a loan of William Epler, which he intended to secure upon the land he had so purchased, but the description in the mortgage actually given, being taken from the deed above mentioned, followed the mistake therein, which mortgage was duly recorded. In May, 1883, he paid this indebtedness, and obtained a release of the mortgage by means of a loan made for that purpose, from the defendant Yeck, of $1,000, at two years, which was also intended to be secured by mortgage of the same land, but the description therein was taken from the one previously given to Epler, and so the mistake was again repeated. This mortgage was also duly recorded, and the debt is still unpaid. On the 10th of August, 1883, George A. Crum sold, and by deed of warranty conveyed the forty in said section 26, to Oswell Skiles. The mistake in the deed from complainant, and in the mortgages to Epler and Yeck was not discovered until August, 1883, after the conveyance to Skiles. Thereupon complainant prepared a deed to George A. Crum of the tract so conveyed to Skiles, in correction of that of May 6, 1881, to be delivered upon the execution to him, by said George A. Crum, of a quitclaim of said south forty, which

was effected in November following, after repeated but fruitless efforts by complainant and his attorney, to get said George A. Crum to pay or otherwise secure his said indebtedness to Yeck. The bill avers that appellant was well acquainted with complainant's farm when he took said mortgage, and then knew that the land therein described was not owned by said George A. Crum, and was the property and homestead of complainant, and used no means of ascertaining whether it correctly described the land intended to be mortgaged, except a comparison of the description therein given with that contained in said mortgage to Epler, and that he still ho'ds the mortgage so taken and refuses to release the same, and prays that it may be declared a cloud upon complainant's title and removed accordingly.

The bill was taken *pro confesso* as against the defendant, Crum, but an answer was filed by appellant denying that he knew the description of the land on which complainant resided, or that George A. Crum did not own that described in respondent's mortgage; averring that said George A. offered to mortgage the land so described, and that respondent, before loaning the $1,000, examined the records and found the title to be in said George A., subject only to the Epler mortgage, and setting up that complainant, after discovering the alleged mistake in his deed to said George A., of May 6, 1881, and in respondent's mortgage, conveyed to said George A. the N. E. of S. E. of said section 26, well knowing that said George A. had then conveyed the same by deed of warranty to Oswell Skiles, thereby putting it out of his power to correct effectually the alleged mistake in respondent's mortgage.

To this answer there was a general replication, and on final hearing, upon the pleadings and proofs, the circuit court made a decree, finding the averments of the bill to be true and granting the relief prayed.

Appellant insists that he occupies the position of a *bona fide* purchaser for value. But a purchaser of what? If, in his purchase, he really intended the particular land described in the mortgage, or if, with no particular land in view, he intended the forty acres bought by George A. Crum of appellee, whatever might be its description, and had no other

knowledge of its description but that afforded by the deeds or records, he might hold his mortgage as against the appellee, who, in that case, could not set up his mere possession as notice of his claim against his own deed. But if he knew the particular tracts occupied by complainant and George A. Crum, respectively, though not their description, and intended the latter, then he is not in equity a purchaser of the other, and the question of his notice of the real owner's claim or the want of it would, therefore, be immaterial; so also would be the fact that appellee's deed purported to vest the title to it in the mortgagor; for it is not the land that either the appellant or his mortgagor intended should be mortgaged. That was the land occupied by the mortgagor which was the N. E. of the S. E. of 26, and it is not pretended that appellee, by his deed or otherwise, ever gave him to understand that the proper description of that land was the N. E. of the S. E. of section 35. If from that deed and other circumstances he inferred that it was, the mistake was in the inference, and the inference was all his own. It is of no consequence in this case, therefore, whether there was or was not a mistake in that deed. This is not a bill to correct a mistake by reformation of the instrument. That is a matter between the parties to it. Its reformation might fully answer his purpose, but he can not insist upon it, and does not ask it. What he seeks is the cancellation of the instrument on the grounds that, by a mistake of the parties to it in respect to the description of the premises, it is a cloud upon the title to his land, and so it is if it be true, as alleged, that these parties intended a mortgage upon land mutually known, and which is really the N. E. of S. E. of said section 26. The chancellor, upon the proofs, found it to be true, and we think rightly so found. It is unnecessary here to discuss them.

Upon the facts shown it is manifest that Skiles could have compelled a correction by appellee of his deed of May 6, 1881. Its correction, as voluntarily made, being due both to George A. Crum and to Skiles, was therefore no wrong to appellant.

Perceiving no error in this record the decree will be affirmed.